**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 08-00581-dd |
| Mark Edward Ingram and Kellie Burch Ingram, | Chapter 13 |
| | **ORDER DENYING MOTION TO REOPEN** |
| Debtors. | |

THIS MATTER comes before the Court on a motion to reopen a chapter 13 case to amend schedules ("Motion") filed by debtors Mark Edward and Kellie Burch Ingram ("Debtors"). Joy Goodwin, chapter 13 trustee ("Trustee"), filed a response to the Motion and AAA Cooper Transportation ("AAA Cooper") objected. The Court set the Motion for hearing on April 22, 2015. After considering the evidence submitted, arguments of the parties, and applicable law, the Court denies the Motion.

**I.    Facts and Procedural History**

On January 31, 2008, Debtors filed this chapter 13 case. Their plan was confirmed on June 5, 2008. Prior to confirmation, Debtors amended their schedules twice. Post-confirmation, Debtors amended their schedules again to reflect changes in their income and expenses requiring a modification of the plan. The Court approved an amended plan July 28, 2009. The Trustee filed a notice of completion of plan payments April 5, 2013; the Debtors received a discharge on April 30, 2013; and the case was closed on May 9, 2013. The chapter 13 trustee's final report states that the case lasted 63 months and the Debtors discharged $55,151.62 in unsecured claims while exempting $59,438.75 in assets and making payments totaling $60,240.  The confirmation order in this case provided that "all property described in 11 U.S.C. § 1306(a) shall remain property of the estate until such time as the case is dismissed or a discharge is granted."

1

On July 5, 2012, Mrs. Ingram was involved in a vehicle collision. In August, she contacted attorney Stephen P. Bristol to discuss whether she had any causes of action relating to the accident. Bristol testified he sent notice to the insurance companies that month indicating he was investigating her case. After communicating with the insurance companies multiple times, he filed a complaint in state court in Georgia on May 21, 2014, just over a year after the Debtors received their discharge. Bristol did not find out about the bankruptcy until AAA Cooper took the Ingrams' depositions.[1] After the depositions, AAA Cooper informed the Debtors it would be filing a motion to dismiss based on judicial estoppel due to the fact that the causes of action were not disclosed in the bankruptcy.[2] This prompted the Debtors to file the Motion currently before the Court.[3]

In their Motion, Debtors ask the Court to reopen the case for the limited purpose of amending their schedules to disclose and exempt the causes of action. They assert that they will likely not need to employ an attorney and will not need the appointment of a trustee because the personal injury case was filed after the close of the bankruptcy case and any proceeds from it will be exempt. The Trustee responded to the Debtors' Motion and joined in their request to reopen the case for the purpose of determining whether the causes of action are exempt. AAA Cooper objected to the Debtors' Motion, arguing that reopening is futile because it will not affect the Georgia court's judicial estoppel analysis, and, regardless, there cannot be any recovery for creditors because providing for such recovery would violate chapter 13's five-year limitation on plan payments.

---

[1] Specifically, Bristol stated that he found out about the bankruptcy during the Ingrams' depositions taken as part of discovery in the Georgia litigation.

[2] AAA Cooper filed its motion to dismiss in the Georgia court on March 26, 2015, and the Debtors responded on April 20, 2015.

[3] Mrs. Ingram died in early 2015. Nevertheless, this Order refers to the movant in the plural.

At the hearing held on the Motion on April 22, 2015, Debtors' attorney informed the Court that the Debtors' position had changed. Debtors now believe that not all of the amounts potentially recoverable from the causes of action are exempt. Debtors therefore amended their request to ask that the case be reopened and held open while the Georgia litigation is pursued. Once that litigation is completed, this Court would determine any exemption disputes and whether there are proceeds available for distribution to creditors.[4]

## II.    Discussion

Section 350 of the Bankruptcy Code provides for the reopening of a case "to administer assets, to accord relief to the debtor, or for other cause," 11 U.S.C. § 350(b), upon a "motion of the debtor or other party in interest." Fed. R. Bankr. P. 5010. The Fourth Circuit provides bankruptcy courts with wide discretion to determine when reopening a case is appropriate. *Hawkins v. Landmark Finance Company (In re Hawkins)*, 727 F.2d 324, 326 (4th Cir. 1984). The burden of proof is on the moving party. *In re Lee*, 356 B.R. 177, 180 (Bankr. N.D.W. Va. 2006). If the court cannot accord the moving party the underlying relief requested, then the court should deny reopening the case. *In re Danley*, 14 B.R. 493, 494 (Bankr. D.N.M. 1981).

When considering whether to reopen a closed bankruptcy case to administer a cause of action, a court should consider three interests: (1) the benefit to the debtor; (2) the prejudice or

---

[4] At the hearing, the Debtors questioned, but did not argue, AAA Cooper's standing to object to the motion to reopen because AAA Cooper was not a creditor in the bankruptcy. Courts do not agree on whether state court defendants that are not creditors in the bankruptcy have standing to object to a motion to reopen. *Compare In re D'Antignac*, C/A No. 05-10620; 2013 WL 1084214*at 3 (Bankr. S.D. Ga. 2013) (collecting cases) *with In re Tarrer*, 273 B.R. 724, 730 – 31 (Bankr. N.D. Ga. 2001). Without weighing in on this debate, this Court agrees with those courts taking the position that even if a state court defendant lacks standing to object to a motion to reopen, the moving party still bears the burden of proof on the motion. *Tarrer*, 273 B.R. at 731. Accordingly, the Court considers AAA Cooper's arguments.

Additionally, although the chapter 13 trustee filed a response to the Motion, at the April 22 hearing the trustee took no position as to whether reopening was futile. Because the Court agrees with AAA Cooper that reopening would serve no purpose, the Court need not consider the trustee's concerns regarding the appropriateness of exempting recovery from the litigation.

detriment to the party in the pending litigation; and (3) the benefit to the debtor's creditors. *In re Tarrer*, 273 B.R. 724, 732 (Bankr. N.D. Ga. 2010). The benefit to the Debtors in reopening the case is that they may be able to defeat AAA Cooper's judicial estoppel defense.[5] The detriment to AAA Cooper rests in the same possibility. Because a favorable ruling for either party would necessarily impose on its opponent a corresponding detriment, benefit to the debtor and prejudice to the creditor (or opposing party) are neutral. *In re James*, 478 B.R. 587, 594 (Bankr. N.D. Ga. 2013). The proper inquiry focuses on the effect of reopening the case on the creditors. *Id*. If the reopening will have no effect on the estate or creditors, and no further administration would be necessary, then the motion to reopen should be denied. *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 543 (8th Cir. 2005) (affirming the trial court's refusal to reopen a chapter 11 bankruptcy case to administer a pre-petition cause of action when all estate assets had been administered).

Motions to reopen cases to administer causes of action most frequently arise in the context of chapter 7. *See e.g., In re McMellon*, 448 B.R. 887, 891 (S.D.W. Va. 2011). In a chapter 7 case, upon the filing of the petition, all pre-petition property and interests become property of the estate to be administered by the chapter 7 trustee. 11 U.S.C. §§ 541; 704. This property is administered by a chapter 7 trustee, whose primary role is to "collect and reduce to money the property of the estate … as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). The trustee then distributes the money in accordance with chapter 7's distribution scheme. 11 U.S.C. § 726. Once the distribution and any other necessary tasks are complete, the case is closed. *See* 11 U.S.C. § 350. Property that was properly scheduled pursuant to § 521(a)(1)

---

[5] The parties agreed at the hearing that the Georgia court, and not this Court, will decide the judicial estoppel issue.

but not administered is abandoned, 11 U.S.C. § 554(c), and the debtor receives a discharge. 11 U.S.C. § 727.

Thus, in a chapter 7 case, when a party files a motion to reopen to amend schedules to include omitted assets, courts generally permit reopening because administering the asset is frequently at least neutral to creditors if not beneficial. 3 Collier on Bankruptcy ¶ 350.03[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("Collier's"). When the purpose of the motion to reopen is to pursue a lawsuit, the chapter 7 trustee can elect to pursue the lawsuit if the chapter 7 trustee thinks it will benefit creditors, or abandon the lawsuit if pursuing it would be too costly to the estate. *E. g., In re McMellon*, 448 B.R. 887, 895 (S.D.W. Va. 2011); *In re Arana*, 456 B.R. 161, 171 (Bankr. E.D.N.Y. 2011) (A chapter 7 debtor's "failure to schedule a prepetition action may only be a speedbump, not a roadblock, on the road to recovery for the bankruptcy estate.").

The analysis under chapter 13 is different. Chapter 13 serves a reorganization not liquidation purpose. The filing of the chapter 13 petition creates an estate which includes property of the estate in chapter 7, with the addition of "all property … that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1); *Carroll v. Logan*, 735 F.3d 147, 150 (4th Cir. 2013). The right to possess chapter 13 property of the estate is the exclusive right of the chapter 13 debtor unless the plan provides otherwise. 11 U.S.C. § 1306(b). The debtor proposes a plan that may provide for the liquidation of some of the estate, but most importantly provides for the restructuring and payment of debts over the plan period so that the debtor can retain property that would otherwise be liquidated or surrendered. *See* 11 U.S.C §§ 1322; 1325. Chapter 13 plans must provide for these payments over an "applicable commitment period" of at least three years (36 months) but not longer than five years (60 months). 11 U.S.C. § 1322(d)(1); *see Pliler v. Stearns*, 747 F.3d 260, 264 (4th Cir. 2014)

5

(holding that the "applicable commitment period" for a chapter 13 plan is a mandatory obligation). Even if a debtor later modifies a plan due to changed circumstances, such modification may not be approved by a court if it would extend the plan for longer than five years. 11 U.S.C. § 1329(c). Upon confirmation of the plan, the property of the estate vests in the debtor,[6] 11 U.S.C. § 1327(b), and binds both debtors and creditors to the new debt terms. 11 U.S.C. § 1327(a); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010) (holding that despite the trial court's legal error in confirming the plan, the creditor was bound by the confirmation order). The chapter 13 trustee's duties are different from those of a chapter 7 trustee because the former does not generally liquidate the estate. 11 U.S.C. § 1302(b)(1). Instead, the chapter 13 trustee primarily makes disbursements provided for in the plan. 11 U.S.C. § 1302(b)(3).

Because chapter 13 debtors retain property of the estate, reopening the case to include an omitted asset would not necessarily place the asset under the control of the chapter 13 trustee to administer. *See* Fed. R. Bankr. P. 6009 ("the trustee or debtor in possession may prosecute … or defendant any pending action … or commence and prosecute any action or proceeding … ") Instead, the chapter 13 debtor may use this property to provide for plan payments. While there is the potential to make lump sum payments or to modify the plan, the plan is subject to the five-year term set by §§ 1322(d) and 1329(c). Congress deliberately included this time limitation because prior to the enactment of the current version of chapter 13,

> [e]xtensions on plans, new cases, and newly incurred debts put some debtors under court supervised repayment plans for seven to ten years. This has become the closest thing there is to indentured servitude; it lasts for an indentifiable [*sic*] period

---

[6] Both the plan and confirmation order provide that property of the estate does not vest in the debtor until the closing of the case. The Court therefore need not examine this issue in the context of property vesting in the debtor upon confirmation. *See e.g., Matter of Heath*, 115 F.3d 521, 524 (7th Cir. 1997) (considering §§ 1306(a) and 1327(c) to determine whether the chapter 13 trustee or the debtor had standing to pursue a post-confirmation cause of action); *In re Foreman*, 378 B.R. 717, 721 (Bankr. S.D. Ga. 2007) (holding that because property of the estate vested in the debtor upon confirmation, the debtor had no duty to disclose the post-confirmation cause of action and the cause of action was not property of the estate).

and does not provide the relief and fresh start for the debtor that is the essence of modern bankruptcy law.

8 Collier's ¶ 1300.02 (*citing* H.R. Rep. No. 595, 95th Cong. 1st Sess. 117 (1977)).

Distribution of non-disclosed or post-petition acquired assets will therefore be constrained by chapter 13's time limitation – a limitation that does not exist in chapter 7. Thus, while closed chapter 7 cases may be freely reopened to include and pursue causes of action, there appears to be only a narrow set of factual circumstances where reopening a chapter 13 case to disclose a post-petition cause of action would serve any purpose. *See e.g., In re James*, 487 B.R. 587, 594 (Bankr. N.D. Ga. 2013) (permitting the chapter 13 debtor to reopen the case to amend schedules because the debtor had previously disclosed the cause of action to the chapter 13 trustee and the completed plan distributed 100% to unsecured creditors).

That scenario is not present here. Debtors wish to reopen their case because they believe there will be recovery significant enough to provide a distribution to their creditors. But the Debtors cannot propose an amended, approvable plan because chapter 13's 60-month time limitation has long expired. The chapter 13 trustee does not have the authority to liquidate assets. As such, there can be no distribution to creditors.

There is no potential benefit in reopening to creditors. Debtors have provided the Court with no additional evidence in favor of reopening. On the contrary, the evidence before the Court is that the Debtors knew they were in bankruptcy, knew (or should have known) they had potential causes of action while in bankruptcy, and did not think to amend their schedules. They demonstrably knew they could amend their schedules during the case, and did so when the circumstances required it, but did not do so to include their causes of action. Chapter 13 debtors have an ongoing duty to disclose post-petition assets, including causes of action. *See e.g., Cotita v. Verizon Wireless*, 54 F.Supp.3d 714, 719 (W.D. Ky. 2014) (rejecting the argument that the

7

chapter 13 debtor's post-confirmation cause of action's unknown value and unlikely effect on the plan meant it did not need to be disclosed); *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1286 (11th Cir. 2002) ("The duty to disclose in a continuing one that does not end once the forms are submitted … [f]ull and honest disclosure in a bankruptcy case is 'crucial to the effective function of the federal bankruptcy system.'") (citations omitted). Debtors failed to comply with that responsibility. The Motion to Reopen is denied.

    AND IT IS SO ORDERED.

**FILED BY THE COURT**
**05/13/2015**



                David R. Duncan
                Chief US Bankruptcy Judge
                District of South Carolina

Entered: 05/14/2015